UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAMADOU KALY BAH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOHN TSOUKARIS, et al.,<br><br>　　　　　Respondents. | Civ. Action No. 25-16925 (JXN)<br><br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

　　Before the Court is a *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, brought by Mamadou Alpha Barry ("Barry") as "next friend" of petitioner Mamadou Kaly Bah ("Petitioner"), an immigration detainee confined at Delaney Hall Detention Center in Newark, New Jersey. (*See generally* ECF No. 1.)  The $5.00 filing fee has not been paid, nor has an application to proceed *in forma pauperis* been received. However, the Court will consider this matter without payment only to address whether Barry shall be permitted to file the Petition as a "next friend" on Petitioner's behalf.

　　The Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

On October 25, 2025, Barry submitted the Petition as Petitioner's "next friend." (*See* ECF No. 1.) According to the Petition, Petitioner is currently detained at Delaney Hall Detention Center after being arrested by the Department of Homeland Security ("DHS") on October 23, 2025. (*Id.* at 1.) The Petitioner argues that Petitioner's detention violates the due process clause of the Fifth Amendment and the Administrative Procedure Act. (*Id.* at 8-10.)

Barry seeks to file the Petition as a "next friend" on Petitioner's behalf. The federal habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 petitions through Rule 1(b) and requiring the petition to be signed under penalty of perjury or by a person authorized to sign it for the petitioner under § 2242). In limited circumstances, persons unable to prosecute their own action may have third persons— "next friends"—stand in for them. *See Whitmore v. Arkansas*, 495 U.S. 149, 161–62 (1990).

"First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. "[N]ext friend" standing "'is by no means granted automatically to whomever seeks to pursue an action on behalf of another,' *id.* at 163, and next friend habeas petitions are 'rare.'" *Dyer ex rel. Dyer v. Warden of S. Woods State*

2

*Prison*, No. 25-14807, 2025 WL 2783868, at *2 (D.N.J. Sept. 30, 2025) (citing *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)).

Barry fails to meet the second "next friend" requirement. Barry submits that "the person filing this habeas on behalf of Petitioner . . . is acting in the best interest of Petitioner." (ECF No. 1 at 2.) Barry fails to provide any facts or evidence regarding the "significant relationship" they have with Petitioner. Barry submits only a conclusory argument that they are acting in the best interest of Petitioner. *See Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *1 (D.N.J. Dec. 6, 2021) (stating that proposed next friend, as Petitioner's fiancé, may satisfy the second prong, but she fails to meet the first prong); *Jenicek ex rel. J.J. v. Sorenson Ranch Sch., Utah*, No. 14-4422, 2014 WL 7332039, at *2 (D.N.J. Dec. 16, 2014) (indicating that a close relative, such as a spouse, who maintains a close personal relationship with the petitioner, could qualify as a next friend).

Additionally, it is unclear whether Petitioner can bring the Petition on his own behalf. Barry submits that Petitioner has been detained at Delaney Hall Correctional Facility since October 24, 2025, "without access to counsel or the ability to file his own habeas." (ECF No. 1 at 2.) Barry claims that Delany Hall Correctional Facility "has no instruction in Petitioner's native language and fails to provide a process for his own filing of this habeas corpus." (*Id.*) Finally, Barry submits there is no law library access in Petitioner's native language. (*Id.* at 2-3.) Although Petitioner is in immigration detention and Barry argues he does not have access to counsel, Petitioner may file a Petition *pro se* without the help of counsel. Barry also has not provided evidence that Petitioner is otherwise incompetent to file a petition on his own. While the Court accepts that Petitioner does not have access to habeas forms in his native language, the Court notes that Petitioner is not required to brief the law to file a Petition.

In addition, "[i]n the federal courts, 'parties may plead and conduct their own cases personally or by counsel.' This provision authorizes only 'two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself."'" *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (quoting 28 U.S.C. § 1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007)). Stated differently, Petitioner can appear on his own behalf or with an attorney to represent him. "A non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intelligence Agency*, 804 F. App'x 127, 128, n. 2 (3d Cir. May 13, 2020). Barry has provided no evidence that they are an attorney. As a result, Barry, as a lay person cannot pursue this case as a "next friend" without retaining an attorney. "In other words, Petitioner can appear on his own behalf . . . [,] with an attorney to represent him," or with a next friend *who has retained an attorney*. *Kerrigan*, No. 2021 WL 6424641, at * 2 (quoting *Burton v. United States*, No. 20-5322, 2020 WL 2899496, at *2 (D.N.J. June 3, 2020)) (emphasis added). Based on these stated reasons, the Court denies Barry's request to pursue this case as Petitioner's next friend.

Petitioner may reopen this matter if he timely submits a signed Petition, on his own behalf, and if he submits either (1) the $5.00 filing fee; (2) or an application to proceed *in forma pauperis*. Alternatively, Barry may reopen this matter if they can show a "significant relationship" with Petitioner and that they have retained an attorney and files a counseled motion to proceed as Petitioner's "next friend."

Accordingly

**IT IS**, on this 31st  day of October 2025,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter; and it is further

**ORDERED** that Barry's request to pursue this matter as Petitioner's "next friend" is **DENIED** *without prejudice*; Barry may renew the request upon the submission of either (1) the payment of the $5.00 filing fee; or (2) an application to proceed in forma pauperis; and after hiring an attorney and filing a counseled motion to proceed as "next friend" within thirty (30) days from the date of this Order; and it is further

**ORDERED** that alternatively, Petitioner has thirty (30) days from the date of this Order to submit either (1) the payment of the $5.00 filing fee; or (2) an application to proceed in forma pauperis; and a signed Petition on his own behalf; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon Petitioner by regular U.S. mail.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge